PULLMAN'S PALACE-CAR CO. v. BOARD OF ASSESSORS et al.

(Circuit Court, E. D. Louisiana. March 23, 1893.)

No. 12,163.

1. TAXATION—REMEDIES—BILL FOR INJUNCTION.
　　Acts La. 1890, No. 106, § 26, which requires that "all taxpayers in the parish of Orleans" shall appear before the board of assessors, and commence suit for redress, only in the manner therein prescribed, applies only to taxpayers who desire to claim that there has been error either in the description or valuation of the property assessed, and does not apply to

those taxpayers who complain of error in the proportion of the property assessed, the description and valuation being conceded to be correct; and this last class of taxpayers, without complying with section 26, may, by bill in equity, enjoin the collection of taxes illegally assessed against it.

2. SAME—INTERSTATE COMMERCE—SLEEPING CARS.

A foreign corporation owning sleeping cars which are engaged in interstate traffic, and only come into the state for the purpose of receiving and discharging passengers, and for the purpose of having such minor repairs made as they casually require, is not wholly exempt from taxation under the laws of the state, but may be assessed "in the ratio which the number of miles of the line within the state has to the total number of miles of the entire line," pursuant to Acts La. 1890, No. 106, § 29.

3. SAME—FOREIGN SLEEPING-CAR COMPANY—ASSESSMENT.

The total value, employed in Louisiana, of the cars of a foreign sleeping-car company, was $100,000. An assessment was made against the company, in which the sum of $100,000 was inserted as the value of cars, etc., and the value to be taxed was placed in the column where cars, carriages, and vehicles of all kinds were placed, and not in a column under the head of "trackage within this parish of railroads within this state, or partly within this state and another state." *Held,* that the company was assessed on the total value of the property employed within the state, and not "in the ratio which the number of miles of the line within the state has to the total number of miles of the entire line," as required by Acts La. 1890, No. 106, § 29, and that the assessment was invalid.

In Equity. Bill to enjoin the collection of a tax alleged to have been illegally assessed against the Pullman's Palace-Car Company, of Illinois.

Percy Roberts, for complainant.

E. A. O'Sullivan and Richard Lyons, for respondents.

BILLINGS, District Judge. This case is submitted on the bill of complaint, supplemental or amended bill, and agreed statement of facts and exhibits, upon an application for an injunction pendente lite. The bill is an injunction bill. By the bill and the agreed statement of facts it appears that the complainant is a corporation created under the laws of, and domiciled in, the state of Illinois, whose business it is to manufacture and lease out sleeping cars, etc., under contracts with various railroad corporations in the United States, Canada, and Mexico; that its property, consisting in sleeping cars to the value of $100,000, comes into the state of Louisiana and into the city of New Orleans, but solely for the purpose of receiving and discharging passengers, and for the purpose of having such minor repairs made as they may casually require, and immediately thereafter goes out of the state of Louisiana into other states of the Union, and is employed in the business of transportation of interstate passengers; that the complainant has no branch establishment in the state of Louisiana to carry on traffic, unless the fact that, under its contracts with the railroads, its tickets are placed for sale with the agents of the railroad, constitutes the offices of such railroads its branch establishments.

The bill then avers that the state tax officers and those of the city of New Orleans have imposed, and are about to collect, a tax upon the full valuation of complainant's cars, as above given. In other words, the averment of the bill in this respect is that the tax has been

levied upon their cars as it would be upon real estate or other property permanently within the state of Louisiana, i. e. without considering that it is property which is only occasionally within this state, for a brief period of time, and is constantly moving through many other states besides the state of Louisiana. There has been a tender made of the tax which would be due if the ratio or proportion of assessment had been observed as is prescribed in section 29 of Act No. 106 of the Acts of 1890, which section will be set out subsequently.

The questions submitted by the complainant are (1) whether the complainant can be taxed at all; and (2) whether, if it can be taxed at all, it can be taxed except ratably and according to the proportion of the miles which its cars taxed traverse within this state, as compared with the number of miles which they traverse in this state and other states.

Before considering these questions, I will consider the objection urged by the defendants to the bill on the ground that the complainant has not appealed to the assessors, nor commenced its suit as required by the revenue act of 1890, above referred to. The respondents rely upon section 26, p. 132, of said revenue act, as containing a provision which must defeat this suit. But that provision requires that taxpayers shall present their claims for the correction of errors in description or valuation. The objection in this case came from an error in neither of these particulars. The cars were correctly described, and the valuation was correct. The error consisted in assessing the complainant for the entire value, and not merely for that proportion of the value fixed by the statute. Therefore the complainant was not required to ask within a given time to have the error corrected. I conclude, therefore, that the complainant is not debarred, by section 26, from maintaining this suit.

As to the bill upon its merits. Section 29 of Act No. 106 of the Acts of 1890, under which this tax is levied, is as follows:

"Sec. 29. Be it further enacted," etc., "that the real estate, roadbeds, roads, iron, track, superstructures, excavations, and channels of railroads, canals, and other transportation or telegraph companies shall be assessed and taxed in the parish or assessment district where located; and all other property, not specially exempted from taxation by article 207 of the constitution, belonging to said railroads, canals," etc., "shall be assessed and taxed at the domicile or principal office of said railroads, canals," etc., "as contemplated by article 245 of the constitution; but the rolling stock or movable property of any railroad company, telegraph company, canal company, or other transportation company, whose line lies partly within this state and partly within another state or states, or whose sleeping cars run over any line lying partly within this state or partly within another state or states, shall be assessed in this state in the ratio which the number of miles of the line within the state has to the total number of miles of the entire line."

I think this section compels the conclusion that the first ground taken by the complainant is not maintainable, and the second ground is well taken. This section provides that "any transportation company whose sleeping cars run over any line lying partly within this state or partly within another state or states shall be assessed in this state in the ratio which the number of miles of the line within the state has to the total number of miles of the entire line." This

is a provision for taxation which applies alike to resident and non-resident companies, and is therefore unlike the provision construed in Marye v. Baltimore & O. R. Co., 127 U. S. 117, 8 Sup. Ct. Rep. 1037. Since it is applicable to all companies, it does not violate the constitution, as being, in effect, an imposition upon the interstate commerce. It is also just and reasonable. Delaware Railroad Tax Case, 18 Wall. 208; State Railroad Tax Cases, 92 U. S. 575, 607; W. U. Tel. Co. v. Attorney General, 125 U. S. 530, 8 Sup. Ct. Rep. 961; and Pullman Car Co. v. Pennsylvania, 141 U. S. 16, 11 Sup Ct. Rep. 876. While the statute defining the manner in which the tax shall be levied, to wit, that there shall be levied a tax within this state only upon that proportion of the valuation of the cars which results from comparing the miles traversed within this state with the aggregate of miles traversed within and without the state, is binding upon the complainant, it is binding also upon the taxing officers.

It was submitted to the court as to what was the meaning of the assessment roll,—i. e. in what manner the tax had been levied,—whether upon entire property of the value of $100,000, or upon a portion or percentage of property whose value was such that the portion or percentage taxed was that amount. The sum $100,000 is put down as the value of cars, etc. Furthermore, the value to be taxed is placed in the column where cars, carriages, and vehicles of all kinds are placed, and not in the column under the head of "trackage within this parish of railroads within this state, or partly within this state and another state." I think that the tax was assessed upon the entire value of all the cars of the complainant, and not upon them in the ratio of miles, as required by the statute. My conclusion is that the injunction pendente lite should issue.